UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL A. ADAMS,

        Petitioner,

vs.                               Case No. 3:11-cv-348-J-39JBT

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER**

**I.  STATUS**

Petitioner Michael A. Adams filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in Custody (Petition) (Doc. 1) and an Incorporated Memorandum of Law (Memorandum) (Doc. 2). The Petition challenges a 2005 state court (Duval County) conviction and sentence for sale or delivery of cocaine. Id. at 1.[1] Petitioner raises two grounds for habeas relief: (1) ineffective assistance of counsel, and (2) illegal sentence. Petition at 5-6.

Respondents filed an Answer to Petition for Writ of Habeas Corpus and Order to Show Cause (Response) (Doc. 11)[2] and Exhibits

---

[1] With regard to the Petition, the Court references the page numbers assigned by the electronic filing system.

[2] Respondents do not contend that the Petition is untimely.

(Appendix) (Doc. 12).[3] In response, Petitioner filed his Response to Respondents' Request for Procedural Arguments, Be Denied and Alternatively Address Petitioner's Claims on the Instant Writ of Habeas Corpus and Order to Show Cause (Reply) (Doc. 13). See Order (Doc. 6).

Of import, in his Reply, Petitioner states that he did not intend to raise two grounds in his Petition, and he is proceeding only on ground two, the claim of an illegal sentence, a due process claim.[4] Reply at 1, 8. Petitioner has effectively withdrawn ground one of the Petition, and the Court will only address ground two as Petitioner is no longer seeking relief pursuant to ground one. Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013). Upon review of the record, no evidentiary proceedings are required in this Court.

## II. STANDARD OF REVIEW

This Court will analyze Petitioner's sole claim under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state

---

[3] The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced.

[4] Petitioner dedicated his Memorandum entirely to ground two. See Response at 11.

court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Of import, there are prerequisites to a federal habeas review. The Court must be mindful of the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747–748, 111 S.Ct. 2546; Sykes, supra, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the

> judgment and the rule is firmly established and consistently followed. <u>See</u>, e.g., <u>Walker v. Martin</u>, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. ----, ----, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 (2012).

In addition, in addressing the question of exhaustion, the Court must ask whether the claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. <u>See</u> 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" <u>Baldwin v. Reese</u>, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in <u>Baldwin</u> "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. <u>McNair</u>, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary

> to support the claim," or by making a "somewhat similar state-law claim." Kelley, 377 F.3d at 1343-44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 133 S.Ct. 875 (2013).

Procedural defaults may be excused under certain circumstances. Indeed, "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." Id. at 1353 (citing Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and

> substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999). Of note, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S.Ct. at 1315.

## IV.  PROCEDURAL HISTORY

The record shows the following transpired. Petitioner was charged by information with sale, manufacture, delivery or possession with intent to sell, manufacture or deliver cocaine within 1000 feet of a convenience business and possession of controlled substance paraphernalia. Ex. C at 10-11. The state filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender. Id. at 14. Petitioner was charged by amended information with sale or delivery of cocaine and possession of controlled substance paraphernalia. Id. at 16. The state nol prossed count two, and the jury, on November 16, 2005, returned a verdict of guilty of sale or delivery of cocaine. Ex. D at 130, 311; Ex. C at 37.

On November 18, 2005, Petitioner filed a Motion for New Trial. Ex. C at 38-39. The trial court denied the motion. Id. at 40, 74. The court conducted a sentencing proceeding on December 15, 2005. Id. at 70-87. At the beginning of the proceeding, defense counsel

stated that "[w]e have the presentence investigation report [PSI]." Id. at 72. Petitioner confirmed that he read all of it and "[e]verything is correct." Id. Counsel said, "[h]e's indicating that he did read it and it is correct." Id. The prosecutor informed the court that he was seeking habitual offender designation. Id. 75. The prosecutor provided two exhibits: a judgment and sentence for the offense of sale of counterfeit controlled substance dated October 24, 1995, and a judgment and sentence for the offense of sale and delivery of cocaine dated March 19, 1999. Id. at 75-76. The defense did not object to the judgments and sentences. Id. at 76.

The prosecutor informed the court that it did not have "a certified release date[,]" but he did know the release date of December, 2004. Id. at 76. The court asked if the date was in the PSI. Id. The prosecutor found the release date of December 1, 2004 recorded in the PSI under "employment status[.]" Id. at 77. The court noted that the release date appeared on page seven of the PSI. Id. Defense counsel said she spoke to the Petitioner about it. Id. The prosecutor then explained: "I also do have, although it's not a certified copy, it's a printout from the DOC website which verifies that release date was December 1st, 2004." Id. The court responded: "Well, he agrees, so there really isn't an issue." Id.

The court found Petitioner "was released from incarceration on his last sentence which was from 1999 there on December the 1st,

- 7 -

2004." Relying on the judgment and sentences and the said release date, the court found Petitioner met the statutory criteria for habitual felony offender classification. Id. at 79. The court sentenced Petitioner to thirty years in prison as a habitual felony offender. Id. at 85. The Judgment and Sentence were entered on December 15, 2005. Id. at 56-61.

On December 20, 2005, Petitioner appealed his conviction. Id. at 68. He filed an appeal brief. Ex. E. The state answered. Ex. F. The First District Court of Appeal affirmed per curiam on May 17, 2006. Ex. G. The mandate issued on June 2, 2006. Ex. H.

On January 8, 2006, Petitioner filed a pro se Motion for Mitigation, Modification, or Reduction of Sentence Pursuant to Fla. R. Crim. P. 3.800(c). Ex. I. The circuit court denied the motion. Ex. J.

On January 9, 2007, Petitioner filed a pro se Motion for Postconviction Relief pursuant to Fla. R. Crim. P. Rule 3.850, claiming ineffective assistance of counsel. Ex. K. The state responded. Ex. M. Petitioner replied. Ex. O. Petitioner amended the motion, Ex. V, adding an additional claim of ineffective assistance of counsel. The state answered. Ex. Y. The circuit court denied the post conviction motion on June 17, 2010. Ex. EE.

Petitioner filed a pro se Motion to Correct Illegal Sentence pursuant to Rule 3.800(a) on October 18, 2010. Ex. HH at 1-12. He claimed the "sentence was precluded by the fact that the evidence to support habitualization was not admissible." Id. at 11. On

November 17, 2010, the circuit court denied the motion.  Id. at 13.

In pertinent part, the court said:

> the State produced at sentencing two qualifying prior convictions in support of its Notice of Intent to Classify Defendant as an Habitual Felony Offender. (See, Exhibits "A", "B" and "C" attached hereto and by reference made a part hereof.) Accordingly, the Court finds that the defendant was correctly sentenced as an Habitual Felony Offender and that the sentence imposed herein is lawful, correct and appropriate.

Id.

Petitioner appealed the trial court's decision.  Id. at 28. He filed an appeal brief.  Ex. II.  The state filed a notice that it did not intend to file a brief.  Ex. JJ.  The First District Court of Appeal affirmed per curiam on February 8, 2011.  Ex. KK.

### V.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### GROUND TWO

Petitioner is seeking relief on ground two of his Petition. He alleges that the state failed to produce admissible evidence of his release date.  Petitioner claims that the court's failure to require a certified document reflecting the release date, and the court's action of sentencing him as a habitual felony offender without the appropriate supporting documentation confirming his release date, resulted in a deprivation of his due process rights in violation of the Fourteenth Amendment to the United States Constitution because there was a failure to comply with § 775.084, Fla. Stat., requiring a showing that the felony for which he was to

be sentenced was committed within five years of the date of his last prior felony conviction, or within five years of his release from a prison sentence.

Respondents assert that Petitioner failed to advance his due process claim in the state court proceedings. Response at 11-12. In addressing the question of exhaustion, the Court must ask whether the claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004). Upon review, Respondents' assertion that Petitioner did not exhaust his federal due process claim is supported by the record. Petitioner did not raise a claim of denial of due process of law pursuant to the Fourteenth Amendment to the United States Constitution in the state court proceedings.

Therefore, upon careful review and consideration of the state court record, the Court finds Petitioner did not fairly present his federal constitutional claim of denial of due process of law to the state courts. Indeed, he did not sufficiently alert the state courts to the federal nature of his claim. Therefore, the Court finds the due process claim raised in ground two is unexhausted and procedurally defaulted. Petitioner has not shown cause and prejudice, nor has he shown that there would be a fundamental miscarriage of justice if ground two is not addressed on its merits. Thus, the Court will apply the state procedural bar to

ground two. As a result, ground two will not be addressed on its merits.

In the alternative, Respondents argue that Petitioner has presented a claim which is entirely one of state law. Response at 12. Ground two involves a state court's interpretation and application of Florida habitual offender law. Petitioner has presented a state law claim, not a claim of constitutional dimension. As a result, this ground should be dismissed.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a

petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992). There has been no breach of a federal constitutional mandate in the instant case.

Petitioner has presented a state law claim, not a claim of constitutional dimension. See Kittrell v. Sec'y, DOC, No. 3:11-cv-71-J-37MCR, 2013 WL 6187503, at *13 (M.D. Fla. Nov. 25, 2013) (finding a claim challenging a life sentence for capital sexual battery to be a state law claim involving a state court's interpretation and application of state law, not a claim of constitutional dimension). Since ground two presents an issue of state law that is not cognizable in this proceeding, this ground cannot provide a basis for federal habeas corpus relief. Therefore, Petitioner is not entitled to relief on ground two.

Finally, and alternatively, even if a federal constitutional claim was properly raised, the decisions of the trial court and the First District Court of Appeal are entitled to deference under AEDPA. Petitioner challenged his habitual offender sentence in a Motion to Correct Illegal Sentence. The trial court denied the claim finding "the sentence imposed herein is lawful, correct and

- 12 -

appropriate." Ex. HH at 13. The First District Court of Appeal affirmed. Ex. KK.

Petitioner is not entitled to relief on ground two because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Of import, the record shows that the trial court concluded that Petitioner had the two requisite prior felony convictions. Also, Petitioner agreed that the release date provided in the PSI was correct. After the prosecutor submitted the printout from the Florida Department of Corrections showing the release date of December 1, 2004, the court commented that there was no issue with regard to the date, noting that Petitioner agreed to the accuracy of the content of the PSI. The record also shows that the pertinent prior felony convictions and the prison release date were uncontested at sentencing. Clearly Petitioner had the opportunity to challenge the accuracy of the release date provided in the PSI during the sentencing proceeding, and he did not do so.[5]

---

[5] Of note, the Corrections Offender Network, Inmate Population Information Detail, under Incarceration History, shows that Petitioner was in custody from March 30, 1999 to December 1, 2004. See http://www.dc.state.fl.us/ActiveInmates/detail.

**CERTIFICATE OF APPEALABILITY**

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of April, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 4/17
c:
Michael A. Adams
Ass't A.G. (Heller)